# THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| ISRAEL R., <br><br>    Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, <br> **Acting Commissioner of Social Security,** <br><br>    Defendant. | **MEMORANDUM DECISION AND ORDER** <br><br><br> Case No. 2:22-cv-00704-JCB <br><br><br> Magistrate Judge Jared C. Bennett |

Under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties have consented to Judge Jared C. Bennett conducting all proceedings in this case, including entry of final judgment.[1] Before the court is Plaintiff Israel R.'s ("Plaintiff") appeal of Acting Commissioner of Social Security Kilolo Kijakazi's ("Commissioner") final decision determining that Plaintiff was not entitled to Disability Insurance Benefits ("DIB") under Title II of the Social Security Act[2] and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act.[3] After careful consideration of the written briefs and the complete record, the court concludes that oral argument is not necessary. Based upon the analysis set forth below, Plaintiff's arguments on appeal fail. Therefore, the court affirms the Commissioner's decision.

---

[1] ECF No. 12.

[2] 42 U.S.C. §§ 401-434.

[3] *Id*. §§ 1381-1383f.

## PROCEDURAL BACKGROUND

Plaintiff alleges disability due to various physical impairments. Plaintiff applied for DIB and SSI in April 2020.[4] Plaintiff's applications were denied initially[5] and upon reconsideration.[6] On May 13, 2022, Plaintiff appeared with counsel for a hearing before an Administrative Law Judge ("ALJ").[7] The ALJ issued a written decision on May 26, 2022, denying Plaintiff's claims for DIB and SSI.[8] Plaintiff appealed the adverse ruling, and, on September 21, 2022, the Appeals Council denied his appeal,[9] making the ALJ's decision final for purposes of judicial review.[10] On November 7, 2022, Plaintiff filed his complaint in this case seeking judicial review of the Commissioner's final decision.[11]

## STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied."[12] The Commissioner's findings, "if supported by substantial evidence, shall be conclusive."[13] "Substantial evidence is such relevant evidence as a reasonable mind

---

[4] ECF No. 13, Administrative Record ("AR _____") 286-302.

[5] AR 75-94, 130-41.

[6] AR 95-124, 142-47.

[7] AR 49-74.

[8] AR 10-33.

[9] AR 1-9.

[10] 42 U.S.C. §§ 405(g), 1383(c)(3); 20 C.F.R. §§ 404.981, 416.1481.

[11] ECF No. 4.

[12] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted).

[13] 42 U.S.C. § 405(g).

might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance."[14] "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]."[15] "The [f]ailure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal."[16]

The aforementioned standards apply to the Commissioner's five-step evaluation process for determining whether a claimant is disabled.[17] If a determination can be made at any one of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed.[18]

> Step one determines whether the claimant is presently engaged in substantial gainful activity. If [the claimant] is, disability benefits are denied. If [the claimant] is not, the decision maker must proceed to step two: determining whether the claimant has a medically severe impairment or combination of impairments. . . . If the claimant is unable to show that his impairments would have more than a minimal effect on his ability to do basic work activities, he is not eligible for disability benefits. If, on the other hand, the claimant presents medical evidence and makes the *de minimis* showing of medical severity, the decision maker proceeds to step three.[19]

At step three, the claimant must show that his or her impairments meet or equal one of several listed impairments that are "severe enough to prevent an individual from doing any

---

[14] *Lax*, 489 F.3d at 1084 (quotations and citation omitted).

[15] *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted).

[16] *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (first alteration in original) (quotations and citation omitted).

[17] 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v); *see also Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process).

[18] 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *see also Williams*, 844 F.2d at 750.

[19] *Williams*, 844 F.2d at 750-51 (quotations and citation omitted); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)-(ii), 416.920(a)(4)(i)-(ii).

gainful activity, regardless of his or her age, education, or work experience."[20] "If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to benefits. If not, the evaluation proceeds to the fourth step . . . ."[21] Before considering step four, however, the ALJ must determine the claimant's residual functional capacity ("RFC").[22] An individual's RFC is his greatest ability to do physical and mental work activities on a regular and continuing basis despite limitations from his impairments.[23] In making this determination, the ALJ must consider all of the claimant's impairments, including impairments that are not severe.[24]

For the fourth step, the claimant must show, given his RFC, that his impairments prevent performance of his "past relevant work."[25] "If the claimant is able to perform his previous work, he is not disabled."[26] If, however, the claimant is not able to perform his previous work, he "has met his burden of proof, establishing a prima facie case of disability."[27]

From here, "[t]he evaluation process . . . proceeds to the fifth and final step," where the burden of proof shifts to the Commissioner.[28] The decision maker must determine "whether the claimant has the [RFC] to perform other work in the national economy in view of his age,

---

[20] 20 C.F.R. §§ 404.1525(a), 416.925(a); *see also id.* §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).
[21] *Williams*, 844 F.2d at 751.
[22] 20 C.F.R. §§ 404.1520(a)(4), (e), 416.920(a)(4), (e).
[23] *Id.* §§ 404.1545(a)(1), (b)-(c), 416.945(a)(1), (b)-(c).
[24] *Id.* §§ 404.1545(a)(2), 416.945(a)(2).
[25] *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).
[26] *Williams*, 844 F.2d at 751.
[27] *Id.*
[28] *Id.*

4

education, and work experience."[29] If it is determined that the claimant "can make an adjustment to other work," he is not disabled.[30] If, on the other hand, it is determined that the claimant "cannot make an adjustment to other work," he is disabled and entitled to benefits.[31]

## ANALYSIS

### I. Substantial Evidence Supports the ALJ's Determination of a Light-Work RFC.

The ALJ appropriately assessed Plaintiff's RFC for light work by adequately applying the relevant regulatory factors and reasonably weighing the evidence. When determining a claimant's RFC, an ALJ must consider all the claimant's medically determinable impairments of which the ALJ is aware, including medically determinable impairments that are not severe.[32] From an evidentiary standpoint, the ALJ must consider "all of the relevant medical and other evidence."[33] If there are inconsistencies among the sources of evidence, "[t]he regulations do not say that the ALJ must resolve these inconsistencies by weighing favorable evidence more heavily; rather, the ALJ exercises his discretion to weigh the evidence and make a determination."[34]

---

[29] *Id.* (quotations and citation omitted); *see also* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

[30] 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

[31] *Id.* §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

[32] *Id.* §§ 404.1545(a)(2), 416.945(a)(2).

[33] *Id.* §§ 404.1545(a)(3), 416.945(a)(3).

[34] *Sandoval v. Kijakazi,* No. 1:21-cv-00471-JHR, 2023 WL 4231007, at *5 (D.N.M. June 28, 2023); *see also Lax,* 489 F.3d at 1084 ("The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence. We may not displace the agenc[y's] choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." (alteration in original) (quotations and citations omitted)).

Here, the ALJ did exactly what the regulations require and merely reached a decision that Plaintiff does not like, which is not reversible error. First, the ALJ accounted for all of Plaintiff's impairments, both severe and less than severe.[35] And, when assessing those impairments, the ALJ evaluated all the relevant medical and other evidence.[36] Second, the ALJ exercised his discretion to weigh the evidence, reached a reasoned assessment about Plaintiff's abilities, and determined that those abilities fell into the light-work category subject to a few further adjustments to meet Plaintiff's needs.[37] The ALJ did exactly what the law requires, and his assessment of the evidence is amply supported in the record.

Despite the ALJ's well-reasoned decision, Plaintiff asserts that the ALJ erred and presents arguments almost exclusively in single paragraphs.[38] In essence, Plaintiff claims that the ALJ usurped the role of medical provider and improperly "averaged" the conflicting evidence to produce a light-work RFC without providing adequate written justification for doing so.[39] After unpacking this multi-faceted argument below, the court shows that Plaintiff's argument fails because an ALJ has an obligation to consider conflicting evidence and render an RFC determination, which is exactly what the ALJ did here.

---

[35] AR 19-24.

[36] *Id*.

[37] AR 20, 23-24 (making additional adjustments to light work to accommodate Plaintiff's needs based on assessment of the evidence)

[38] ECF No. 22 at 20-25 of 27.

[39] *Id*. Plaintiff also appears to claim that the ALJ did not adequately consider the supportability or consistency of Plaintiff's medical providers' opinions but fails to provide any specific instance of this alleged failure. In any event, the ALJ's decision clearly shows that he conducted such analysis. AR 22-24. Therefore, the court will not countenance this argument.

Although true that an ALJ cannot usurp the role of a medical provider,[40] "an ALJ does not improperly assume the role of a medical expert by assessing the medical and non-medical evidence before rendering [an RFC] finding."[41] In fact, weighing the conflicting evidence and determining an RFC is exactly what the law requires of an ALJ.[42] Were the court to hold otherwise, ALJs would be rendered useless because they could provide an RFC determination only in the improbable case where all the objective and subjective evidence were consistent. Presumably for that reason, Plaintiff fails to provide *any* authority regarding an ALJ improperly "averaging" conflicting evidence. The bottom line is that whatever moniker Plaintiff wants to use to describe what an ALJ does—whether an "averager" of the conflicting evidence or a "weigher" of the conflicting evidence—an ALJ's essential function is to consider conflicting evidence and to determine a claimant's RFC based on the evidence provided.[43] That is exactly what the ALJ did here. The ALJ discussed the evidence from all sources, provided reasons why the evidence was or was not persuasive, and rendered an RFC determination tied to that evidence. Accordingly, Plaintiff fails to show that the ALJ's RFC finding suffers a reversible lack of substantial evidence.

---

[40] *Winfrey v. Chater*, 92 F.3d 1017, 1022 (10th Cir. 1996) (concluding that the ALJ erred by substituting his medical judgment for that of a physician); *see also Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 157 (6th Cir. 2009) ("[T]he ALJ may not substitute his opinion for that of a physician . . . .").

[41] *Poe*, 342 F. App'x at 157.

[42] *Sandoval*, 2023 WL 4231007, at *5; *see also Lax*, 489 F.3d at 1084.

[43] 20 C.F.R. §§ 404.1546(c), 416.946(c) ("If your case is at the [ALJ] hearing level . . . the [ALJ] . . . is responsible for assessing your [RFC].").

## CONCLUSION AND ORDER

As demonstrated above, all of Plaintiff's arguments on appeal fail. Therefore, IT IS HEREBY ORDERED that the Commissioner's decision in this case is AFFIRMED.

IT IS SO ORDERED.

DATED this 7th day of December 2023.

BY THE COURT:

_____
JARED C. BENNETT
United States Magistrate Judge